# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | Chapter 11 |
| ) | |
| **DVORKIN HOLDINGS, LLC** ) | **Case No. 12 B 31336** |
| ) | |
| Debtor. ) | Hon. Jack B. Schmetterer |
| ) | |
| ) | |
| **GUS A. PALOIAN**, not individually, but solely as Chapter 11 trustee for Dvorkin Holdings, LLC, ) ) ) | **Adv. No.** _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **FRANCINE DVORKIN**, not individually, but solely as trustee of the Dvorkin Children's Trust, u/a/d 03/02/98, **FRANCINE DVORKIN**, not individually, but solely as trustee of the Beverlee Children's Trust, and **FRANCINE DVORKIN**, not individually, but solely as trustee of the Aaron Children's Trust, ) ) ) ) ) ) ) ) | |
| Defendants. | |

### TRUSTEE'S COMPLAINT TO SELL CO-OWNED PROPERTY LOCATED AT 3336-3342 N. CLARK ST., CHICAGO, ILLINOIS PURSUANT TO 11 U.S.C. § 363(h)

Plaintiff Gus A. Paloian, not individually, but solely as chapter 11 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Dvorkin Holdings, LLC ("Debtor"), states for his Complaint against Francine Dvorkin, not individually, but solely as trustee of the Dvorkin Children's Trust, u/a/d 03/02/98 (the "Children's Trust"); Francine Dvorkin, not individually, but solely as trustee of the Beverlee Children's Trust (the "Beverlee Trust"); and Francine Dvorkin, not individually, but solely as trustee of the Aaron Children's Trust (the "Aaron Trust") (collectively, the "Defendants") as follows:

15720963v.1

## NATURE OF THE ACTION

1. This is an adversary proceeding by Trustee seeking authority under Bankruptcy Code section 363(h) to sell, without consent of Defendants, the real property located at 3336-3342 N. Clark Street, Chicago, Illinois (the "Property"), which is co-owned by Debtor and the Defendants as beneficiaries of Chicago Title Land Trust, as successor trustee to Cole Taylor Bank, as successor trustee to Harris Trust and Savings Bank as trustee under that certain Trust Agreement, dated November 1, 1987, and known as trust number 44204 (the "Land Trust").

2. Trustee files this action requesting entry of a Court order authorizing a sale of the Property free and clear of the interests of any of the Defendants in same subject to a requirement that the Trustee file a motion in the Debtor's chapter 11 bankruptcy case seeking authority to consummate such sale and entry of an order approving same.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because it arises under title 11 of the United States Code (the "Bankruptcy Code") and is related to the chapter 11 case, *In re Dvorkin Holdings, LLC*, Case No. 12 B 31336 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. This Court has the authority to enter the requested relief pursuant to 11 U.S.C. § 363(h) and Federal Rule of Bankruptcy Procedure 7001(3).

15720963v.1

## PARTIES

7. Trustee is the duly appointed and qualified chapter 11 trustee of the bankruptcy estate of Debtor.

8. On information and belief, Francine Dvorkin is the trustee of the Dvorkin Children's Trust, u/a/d 03/02/98, a trust with its principal place of administration located at One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, Illinois 60181.

9. On information and belief, Francine Dvorkin is the trustee of the Beverlee Children's Trust, a trust with its principal place of administration located at One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, Illinois 60181.

10. On information and belief, Francine Dvorkin is the trustee of the Aaron Children's Trust, a trust with its principal place of administration located at One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, Illinois 60181.

## FACTUAL ALLEGATIONS

**A.    General.**

11. On August 7, 2012, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

12. On October 3, 2012, the United States Trustee for the Northern District of Illinois filed a motion seeking appointment of Trustee as chapter 11 trustee.

13. On October 16, 2012, the Court approved the appointment of Trustee.

**B.    The Land Trust Property.**

14. The Property is commonly known as 3336-3342 N. Clark Street, Chicago, Illinois.

15. The Property is formally described as follows:

> PARCEL 1:

15720963v.1

> LOT 8 (EXCEPT THAT PART THEREOF CONVEYED TO THE NORTH WESTERN ELEVATED RAILROAD COMPANY BY DEED RECORDED APRIL 26, 1895 AS DOCUMENT NUMBER 2208395 IN BOOK 5267, PAGE 143) IN BLOCK 6, IN THE SUBDIVISION OF LOT 6 IN THE PARTITION OF THE NORTH THREE QUARTERS OF THE EAST HALF OF THE SOUTH EAST QUARTER OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PARCEL 2:
> LOT 1 (EXCEPT THAT PART THEREOF CONVEYED TO THE NORTH WESTERN ELEVATED RAILROAD COMPANY BY DEED RECORDED APRIL 26, 1895 AS DOCUMENT NUMBER 2208395 IN BOOK 5267, PAGE 143) IN LOCKWOOD'S SUBDIVISION OF LOT 5 AND SUB-LOT 7 OF LOT 6 IN THE PARTITION OF THE NORTH 3/4 OF THE EAST 1/2 OF THE SOUTH EAST 1/4 OF SECTION 20 AFORESAID, ALL IN COOK COUNTY, ILLINOIS.

16. The Property is a commercial retail and office property with capacity for up to 12 tenants.

17. The Property is currently leased to 7 tenants on non-uniform terms.

18. The Property is subject to a certain mortgage and assignment of rents dated August 3, 2011 (the "Mortgage") in favor of Belmont Bank & Trust Company ("Lender"), which secures a note in favor of Lender in the original principal amount of $750,000 (the "Note").

19. The Debtor is a co-borrower under the terms of the Mortgage and the Note.

**C.   Co-Ownership of the Land Trust Property.**

20. The Land Trust was created on November 1, 1987.

21. As of the date hereof, the Debtor holds 85% of the undivided beneficial interests in the Land Trust.

22. On information and belief, as of the date hereof, either the Children's Trust holds 15% of the undivided beneficial interests in the Land Trust or, in the alternative, the Beverlee

4

15720963v.1

Children's Trust and the Aaron Children's Trust together hold 15% of the undivided beneficial interests in the Land Trust.

23. Debtor and the Defendant or Defendants holding interests in the Land Trust are co-owners of undivided interests in the Property as tenants in common.

24. Debtor's undivided interest in the Property constitutes property of the Debtor's Estate pursuant to Bankruptcy Code section 541(a)(1).

**D.    Value of the Property and the Debtor's Beneficial Interest in the Property.**

25. The Property has a fair market value in excess of $2.4 million.

26. The Debtor's interest in the Property is not generally marketable because it is an undivided interest in property co-owned with certain of the Defendants.

## COUNT I

### Authorization To Sell The Property Pursuant To Bankruptcy Code Sections 363(h)

27. Trustee restates and incorporates by reference herein the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28. Bankruptcy Code section 363(h) provides that "Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner of property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety."

29. Partition in kind of the Property among the Estate and any co-owner is legally impracticable because doing so would interfere with the rights of the Lender under the Mortgage by necessitating the re-allocation of the secured debt burden between several properties with different owners.

30. Partition in kind of the Property among the Estate and any co-owner is legally

5

impracticable because the Property is a commercial building with multiple tenants and partitioning would interfere with the rights of the tenants as set forth in the lease agreements.

31.     The sale of Debtor's undivided interest in the Property would realize significantly less for the Estate than sale of the Property as a whole.

32.     A sale of the Property would benefit the Debtor's Estate because such a sale would provide a substantial cash payment the Debtor's Estate that would support a recovery to unsecured creditors of the Estate.

33.     The benefit to the Estate of a sale of the Property outweighs the detriment, if any, to Defendants from selling the Property free and clear of the interests of Defendants.

34.     The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

15720963v.1

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing a sale of the Property, without consent of the Defendants, free and clear of any interest of the Defendants in the Property; provided however, that the sale of the Property shall occur only after: (i) the filing of a motion in the Debtor's Bankruptcy Case seeking authority to consummate such sale; and (ii) the entry of an order by the Court approving same.

May 30, 2013

Respectfully submitted,

Gus A. Paloian, not individually, but solely as Chapter 11 Trustee for Dvorkin Holdings, LLC,

By: /s/ James B. Sowka
    One of His Attorneys

Gus A. Paloian (6188186)
gpaloian@seyfarth.com
James B. Sowka (6291998)
jsowka@seyfarth.com
Bret M. Harper (6299968)
bharper@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Counsel for Chapter 11 Trustee*
*Gus A. Paloian*

7